IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYES C. RODRIGUEZ,

    Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 97-572 JP/LCS

STATE OF NEW MEXICO,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon the Petitioner's claim of double jeopardy. Plaintiff was charged with one count of arson, one count of dangerous use of an explosive device, one count of possession of an explosive device, and 12 counts of aggravated assault. These charges arise from the allegation that the Plaintiff threw a "Molotov" cocktail into a home occupied by twelve people.

2. The New Mexico Court of Appeals vacated the possession count because it found that the possession count merged with the dangerous use of explosives count. *State v. Rodriguez*, 113 N.M. 767, 769, 833 P.2d 244, 246 (Ct. App.), *cert. denied*, 113 N.M. 636, 830 P.2d 553 (1992). The Court of Appeals also found that the count of dangerous use of explosives merged into the arson count. *Id*. at 771, 833 P.2d at 248. However, the Court of Appeals concluded that the arson and aggravated assault counts did not merge in violation of the Double Jeopardy Clause. *Id*. at 772-73, 833 P.2d at 249-50. Consequently, the Court of Appeals set aside the possession

1

and dangerous use of an explosive convictions, leaving intact only the arson and aggravated assault convictions.

3. Interestingly, the Petitioner now wants this Court to consider whether the aggravated assault counts should have merged into the dangerous use of an explosive count, a count which the New Mexico Court of Appeals already set aside. *See id.* at 772, 833 P.2d at 249. The double jeopardy clause prohibits multiple punishments for a single offense. *See United States v. Dixon*, 509 U.S. 688, 696 (1993), *cited in Thomas v. Kerby*, 44 F.3d 884, 888 (10th Cir. 1995). By reversing the Petitioner's conviction on the dangerous use of an explosive count, there is no longer a double punishment for both the dangerous use of an explosive and the aggravated assault counts. Accordingly, the Petitioner's double jeopardy argument is moot. *See, e.g., Moloi v. Riley*, 762 F.Supp. 36, 39 (E.D. N.Y. 1991).

4. The Petitioner also argues in a letter received by the Court on February 24, 1999 that his 12 counts of aggravated assault should be merged into one count. Where the defendant has been charged with multiple violations of a single statute based on a single course of conduct, the relevant inquiry is "whether the legislature intended punishment for the entire course of conduct or for each discrete act." *Swafford v. State*, 112 N.M. 3, 8, 810 P.2d 1223, 1228 (1991). With respect to the crime of aggravated assault, the legislature has determined that one of the elements of aggravated assault is general criminal intent. *See State v. Bachicha*, 111 N.M. 601, 604, 808 N.M. 51, 54 (Ct. App.), *cert. denied*, 111 N.M. 529, 807 P.2d 227 (1991). Consequently, to be convicted of aggravated assault, one does not need to have a specific intent as to each individual victim. Accordingly, one could surmise that the legislature intended that a defendant receive multiple punishments where there were multiple victims regardless of whether the defendant

intended to specifically harm each victim. Even so, the New Mexico Court of Appeals held in a case factually similar to this one that judicial policy as well as the holdings in a majority of other jurisdictions warrant that the act of fire bombing a residence occupied by six people, two of whom the defendant did not know were in the residence, may be divided into six counts of attempted second degree murder. *State v. Johnson*, 103 N.M. 364, 374, 707 P.2d 1174, 1184 (Ct. App.), *cert. quashed*, 103 N.M. 344, 707 P.2d 552 (1985). *See also State v. Moore*, 109 N.M. 119, 128, 782 P.2d 91, 100, *cert. denied*, 109 N.M. 54, 781 P.2d 782 (1989)(multiple punishments for multiple victims of single criminal act do not violate double jeopardy because societal harm is greater when there are multiple victims). For the above reasons, I conclude that the convictions for the 12 counts of aggravated assault do not violate the prohibition against Double Jeopardy.

## Recommended Disposition

I recommend dismissing with prejudice the Petitioner's double jeopardy claim. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge